IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES Q. ROGERS,  *
        Petitioner,
   v.  * CIVIL ACTION NO. JFM-10-2224

STATE OF MARYLAND, et al.,  *
        Respondents.
                             ***

## **MEMORANDUM**

Now before the court is a petition for habeas corpus relief filed by Charles Q. Rogers (ECF No. 1) and respondents' answer thereto. ECF No. 7. After review of these documents, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons to follow, the petition will be denied and dismissed with prejudice.

## **Factual and Procedural History**

On July 10, 2008, petitioner entered an *Alford*[1] plea to one count of conspiracy to distribute cocaine before the Honorable Thomas G. Ross, Circuit Court for Queen Anne's County. The facts read into the record in support of the plea agreement demonstrated that police stopped the vehicle petitioner was driving on August 16, 2007 because petitioner was not wearing a seatbelt. ECF No. 7, Ex. 2. One passenger was in the vehicle. As the police were verifying petitioner's information he drove off. Police observed three bags thrown from the vehicle. Petitioner stopped the vehicle at the end of the street and he and the passenger fled on foot. Petitioner stopped when directed to do so by a canine officer; the passenger did not, and eluded capture. The police recovered the bags thrown

---

1 Under *North Carolina v. Alford,* 400 U.S. 25, 37 (1970). "[a]n individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

from the vehicle which were found to contain ten grams of cocaine. The State proffered that had the case gone to trial expert testimony would have been produced that the recovered drugs were intended for distribution. The State further proffered that petitioner and the passenger exhibited actions from which it could be inferred that they were engaged in a common scheme. The court accepted the guilty plea to conspiracy to distribute cocaine and on September 9, 2008, sentenced petitioner to twelve years in prison with all but seven years suspended, consecutive to any sentence then being served. *Id.*, Ex. 1 & 2.

Petitioner did not file an application for leave to appeal the entry of his plea. *Id.* Ex. 1. On September 26, 2008, petitioner file a pro se petition for post-conviction relief, raising the following grounds: (1) trial counsel was ineffective for (a) failing to prepare for trial, and (b) failing to explain adequately the terms of the plea agreement; and (2) petitioner's guilty plea was defective because it did not comply with Maryland Rule 4-242(c).[2] *Id.*, Ex. 1,3, 5 & 6. A hearing on the petition as supplemented was held on April 17, 2009. By oral ruling at the post-conviction hearing and memorandum and order filed on May 4, 23009, the post-conviction court denied relief, finding (1) that petitioner's claims regarding the voluntariness of his plea were waived because he did not file an application for leave to appeal the entry of the plea, and (2) that his trial attorney had prepared adequately for trial. *Id.*, Ex. 5 & 6.

---

[2] Md Rule 4-242 (c) provides:

**Plea of guilty.** The court may not accept a plea of guilty until after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, the court determines and announces on the record that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. In addition, before accepting the plea, the court shall comply with section (e) of this Rule. The court may accept the plea of guilty even though the defendant does not admit guilt. Upon refusal to accept a plea of guilty, the court shall enter a plea of not guilty.

Petitioner filed an application for leave to appeal the ruling of the post-conviction court again alleging his direct challenge to his plea, arguing that trial counsel failed to explain the nature of the charge to him. *Id*. Ex. 7 & 8. Petitioner The Court of Special Appeals summarily denied petitioner's application for leave to appeal on June 9, 2010. The court's mandate issued on July 9, 2010. *Id*., Ex. 9.

By way of the instant petition, petitioner maintains that he is being detained illegally because his trial attorney was ineffective in that he failed to prepare adequately for trial and did not explain the nature of the plea to petitioner. ECF No. 1.

## Threshold Considerations

### Timeliness & Exhaustion of State Remedies

Respondents do not contend, and the court does not find, that the petition was filed outside the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Further, petitioner no longer has any state direct review or collateral review remedies available to him with respect to the claims raised in this court. His claims are exhausted for the purpose of federal habeas corpus review.

### Procedural Default

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and with other claims by way of post-conviction proceedings. Exhaustion is not required if at the time a federal habeas corpus petition is filed the petitioner has no

available state remedy. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989).

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).

The procedural default doctrine bars consideration of a claim in a petition for habeas corpus absent a showing of cause and prejudice or actual innocence. *See Murray*, 477 U.S. at 495; *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977). Even where a petitioner fails to show cause and prejudice for a procedural default a court must still consider whether it should reach the merits of the petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S.298, 314 (1995); *Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009). The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 320. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id*. at 315. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U. S. at 496.

Respondents argue that petitioner's claim regarding defense counsel's failure to explain the nature of the charge and plea was deemed waived by the post-conviction court and is therefore

procedurally defaulted. The court agrees. This ground was not raised by way of application for leave to appeal the guilty plea, and thus was properly deemed waived by the post-conviction court.

Petitioner was given an opportunity to explain why this claim should not be procedurally defaulted. ECF Nos. 8 & 9. Petitioner has failed to respond. Petitioner's allegation in the original petition, that trial counsel rendered ineffective assistance of counsel, does not constitute cause to excuse procedural default. Generally, such a claim must be presented to the state court as an independent claim before it may be used to establish cause for procedural default. *See Murray,* 477 U.S. at 489. Further, cause for procedural default on appeal "ordinarily requires showing of some external impediment preventing counsel from constructing or raising the claim." *Id.*, 477 U.S. at 492.

The court concludes that petitioner has failed to demonstrate cause and prejudice with regard to exhaustion of this claim. Furthermore, actual innocence is not apparent from the record. The ground is defaulted and shall not be addressed on the merits.

**Standard of Review for Petitioner's Remaining Claim**

Pursuant to statute, a federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth in our cases." *Williams v. Taylor*, 529 U.S. 362,

405 (2000).[3] Section 2254(d) also requires federal courts to give great deference to a state court's factual findings. *See Lenz v. Washington,* 444 F. 3d 295, 299 (4th Cir. 2006). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct absent clear and convincing evidence to the contrary. The applicant has the burden of rebutting the presumption of correctness. A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). In sum, § 2254(d) imposes a "highly deferential standard for evaluating state-court rulings" and "demands that the state-court decisions be given the benefit of the doubt." *See Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010); *see also Woodford v. Viscotti*, 537 U.S. 19, 24 (2002). With these standards in mind, the court will address the merits of petitioner's claims.

## Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), a convicted defendant must demonstrate that counsel's performance (1) "fell below

---

[3] Although § 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), "which demands that state court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curium*), a state court decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 at 412-413. A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409-410; *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003); *Booth-el v. Nuth*, 288 F.3d 571, 575 (4th Cir. 2002). A federal district court may not issue the writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly; rather, the state court application must be objectively unreasonable. *See Renico v. Lett*, 130 S.Ct.1855, 1862 (2010).

an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *Id*. at 688, 692. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. The ultimate focus of the *Strickland* inquiry is on the "fundamental fairness of the proceeding whose result is being challenged." *Id*. at 696.

In evaluating whether counsel's performance fell below an objective standard of reasonableness, a court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688. In its analysis, a court must be "highly deferential," and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotations omitted). A court must not use the benefit of hindsight to second-guess strategic decisions made by counsel unless they were unreasonable. *Id*. at 690.

With regard to the prejudice prong of *Strickland*, a defendant need not demonstrate that the outcome of the proceeding would have been different, but rather that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Even if counsel committed a professionally unreasonable error, relief can be granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Petitioner claims that trial counsel failed to prepare adequately for trial. At the conclusion of the post-conviction hearing, the court ruled from the bench as follows:

> But with respect to the claims [of] ineffective assistance of counsel, I'm gonna find that Mr. Rogers has not met his burden um, to demonstrate that Mr. Murphy was ineffective in his representation of Mr. Rogers. And I'm going to read the following, the landmark case, Supreme Court case of <u>Strickland vs. Washington</u>, 456 US 668, 1984, prescribes the test for determining ineffective assistance of counsel, as most recently applied in <u>State vs. Borchardt</u> 396 Maryland 586, quoting from pages 602 to 603, and this is a 2007 case, "a Defendant claiming ineffective assistance of counsel must show first that the counsel's performance was deficient. For example, that the representation fell below an objective standard of reasonableness and number two, that there is a reasonable probability that, but for the counsel's unprofessional errors the result of the proceeding would have been different meaning the probability, a probability sufficient to undermine the confidence in the outcome, deficient performance inquiry includes a context dependent consideration of the challenged conduct as seen from the counselor's prospective [sic] at the time." And then citing from another US case <u>Wiggins vs. State</u> 539, US 510 it's a 2003 case. "In reviewing the trial…" this is out of the quote continuing "In reviewing trial counsel, trial performance the post conviction court is cautioned to be circumspect when reviewing trial counsel's performance in hindsight". Quoting from the <u>Borchardt</u> case, at page 603 "judicial scrutiny of the counsel's performance must be highly differential [sic], it's all to tempting for the defendant to second guess counsel's assistance after conviction or after sentence, and it's too easy for a court examining the defense counsel after it has proved unsuccessfully to conclude that a particular act or omission of counsel was unreasonable, a fair assessment of attorney performance requires that every effort be made to eliminate [the] distorting effects of hindsight to reconstruct the circumstances of counsel challenged conduct and to evaluate the conduct from counsel's prospective [sic] at the time. Because of the difficulties inherently making the evaluation, the Court must indulge a strong presumption that counsel conduct falls within the wide range of reasonable professional assistance, that is the defendant must overcome the presumption that under the circumstances the challenge[d] action might be considered sound trial strategy. Um, Mr. Rogers in looking at the case in its entirety um, I'm finding that there's nothing to suggest that Mr. Murphy didn't do anything but prepare with the information that he had, that he got from the State, that he got from you and granted your star witness, if you want to call him the star witness, Mr. Johnson whatever his name was, sort of disappeared into thin air, I suppose and that was unfortunate for you. But I'm satisfied after hearing your testimony and Mr. Murphy's testimony, that he ah, was diligent in investigating the case and determining what type of defense, I guess, to present and again he didn't have a whole lot to work with and reading the statement of facts, that was read into the record by Mr. McDonald at the plea hearing um, it was going [to]

be the testimony of the police officers and against your testimony if you had elected to testify, or if you didn't elect to testify it was going to be the testimony of the police officers and what they observed, and what they found. Additionally, um to some extent your own behavior in the case, your failure to appear two times, um I guess your failure to as indicated by Mr. Katz's motion to engage even Mr. Katz earlier on in the proceeding when Mr. [Murphy] was involved contributed somewhat to the I guess, the position you found yourself in. I know that the one eighty was at the end of May looking at the court docket, the entries, but that obviously was suspended because you were out on a bench warrant for, I mean a good two months before they picked you up. And again you had the responsibility of engaging counsel, talking to counsel, they can't read your mind, giving them whatever information you believe was going to be pertinent and they could, in Mr. Murphy's case, he could only work with what he had. And the State had appropriately given him discovery . Again it's a difficult case, but even assuming that his performance was deficient in any way, now I'm gonna note that, for Mr. Murphy's testimony there isn't testimony from any other attorney, well I would have done this, or the standard of performance that we all, all of us defense attorneys enjoy, was woefully, you know under met, I don't have that type of testimony. So, all I've got is Mr. Murphy's testimony, but let's assume I find, whoah he really missed the mark, um, I mean I cannot find prejudice to you because, quite frankly, had you gone through the whole trial as Mr. McDonald pointed out, it could have been a lot worse. A lot worse. And um, if you hadn't taken the plea, Mr. Murphy was prepared to go to trial. He had a witness, a character witness um, I guess he could only have used I'm assuming….he was available, but that really would've been the only witness because there weren't any witnesses that he could have called. Um, so with that said and the fact that statement of facts gave sufficient reason for Judge Ross to find that beyond a reasonable doubt a jury could have concluded that you did all the things for which you were charged. That's why I'm saying that the prejudice element is just not there for me. So that is why I am finding that there wasn't ineffective assistance of counsel and the grounds that you cite for failure to prepare an adequate defense, or investigate, I'm not finding in your favor.

ECF No. 7, Ex. 5, pp.108-113.

Judge Jensen's decision survives scrutiny under § 2254(d) and her findings of fact are presumptively correct under 28 U.S.C. § 2254(e)(1). Petitioner fails to show deficient performance on Murphy's part or prejudice based on Murphy's alleged failure to properly prepare for trial. The only witnesses to the crime available at trial were the responding police officers who observed baggies later identified as containing cocaine being thrown from a vehicle driven by petitioner, and

9

petitioner. Petitioner and Murphy testified that they had consulted on four separate occasions prior to trial, although petitioner disputed that Murphy had discussed any of the facts of his case with him. Murphy had attempted to ascertain the identity of the passenger in the vehicle, a man petitioner maintains he did not know but whom he was simply giving a ride. That man had given a false name to police and no one had any further information concerning his identity or whereabouts. Murphy received all discovery that was due from the state's attorney and was prepared for trial. Ultimately, petitioner entered an *Alford* plea with an agreed sentence of twenty years, all but twelve years suspended. He was facing a sixty-five year sentence on all counts. ECF No. 7, Ex. 5. The post-conviction decision shall not be overturned.

## **Conclusion**

The instant petition for habeas corpus relief will be denied and this case dismissed by separate Order. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-el v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability.

Date: May 9, 2011        /s/
                                        J. Frederick Motz
                                        United States District Judge